IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RFI MANAGEMENT, INC., | ) | Case No. 17-80247 |
| | ) | Chapter 7 |
| Debtor. | ) | |

## MOTION TO APPROVE SETTLEMENT AND COMPROMISE

NOW COMES John Paul H. Cournoyer, Chapter 7 Trustee in the above-captioned case (the "Trustee"), by and through counsel, and moves the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure as follows:

1. On March 29, 2017 (the "Petition Date"), RFI Management, Inc. (the "Debtor") filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. On March 3, 2018, this Court entered an order converting the case to Chapter 7 and appointing John Paul H. Cournoyer as Chapter 7 Trustee (the "Trustee") for the Debtor.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Swift Financial Corporation, d/b/a Swift Capital (the "Creditor") filed a secured claim in the Debtor's bankruptcy case (Claim No. 4) for $149,848.02 secured by receivables and all other assets under a UCC Financing Statement filed with the North Carolina Secretary of State.

4. The primary asset of the bankruptcy estate is an account receivable owed by Centerpointe Construction. Given the secured claim asserted by the Creditor

and the anticipated litigation costs associated with recovering the account receivable, the Trustee and the Creditor negotiated an agreement to enable the collection of the account receivable for the mutual benefit of the Debtor's bankruptcy estate and the Creditor.

5. After discussion and negotiation, the Trustee and the Creditor have agreed to resolve all outstanding matters pursuant to the Settlement Agreement attached hereto as <u>Exhibit A</u> as follows:

    a. On December 10, 2018, the Bankruptcy Court authorized the Trustee to employ James C. White as special counsel (Dkt. No. 247) on a one-third (1/3) contingent fee basis of any recoveries realized plus reimbursement of expenses to pursue claims against Centerpointe Construction Corp. (the "Centerpointe Litigation").

    b. Any net proceeds realized from the Centerpointe Litigation (the "Net Proceeds") shall be divided between the Creditor and the bankruptcy estate, with 60% of the Net Proceeds paid towards the Creditor's secured claim and 40% of the Net Proceeds paid to the bankruptcy estate free and clear of any lien by the Creditor.

    c. The Trustee waives any challenge to the Creditor's secured claim of $149,848.02 as of the Petition Date.

    d. To the extent the Net Proceeds are sufficient enough to pay the principal balance of the Creditor's claim in full, after accounting for any payments received during the pendency of the Chapter 11, the Creditor is

entitled to post-petition interest and attorney's fees as set forth in 11 U.S.C. § 506(b); however, the Trustee reserves the right to review those calculations and make any challenges as appropriate.

      e.    Except for its rights to receive its portion of the Net Proceeds, as well as post-petition interest and attorney's fees, if any, as set forth hereinabove, the Creditor waives and releases any and all claims against the Trustee and the Debtor's bankruptcy estate of any nature, whether known or unknown, as of the date of the Agreement attached hereto. Without in any way limiting the breadth of the foregoing, the Creditor specifically acknowledges and agrees that it shall have no lien or interest in any of the remaining funds held by the Trustee after the payment of the Creditor's 60% portion of the Net Proceeds. Notwithstanding the foregoing, if the Trustee or the Debtor's bankruptcy estate abandon the Centerpointe Litigation, the Creditor's security interest in the account receivables shall be preserved and not impaired by this settlement.

      f.    The Creditor shall retain its right to object to and be heard with respect to any proposed settlement of the Centerpointe Litigation.

6.    The Trustee believes the settlement proposed herein is reasonable and in the best interest of the bankruptcy estate.

WHEREFORE, the Trustee respectfully prays the Court as follows:

1. That the Court enter an order approving the settlement set forth herein; and

2. That the Court grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this the 1st day of April 2019.

                                              NORTHEN BLUE, LLP

                                              /s/ John Paul H. Cournoyer
                                              John Paul H. Cournoyer, NCSB #42224
                                              jpc@nbfirm.com
                                              1414 Raleigh Road, Suite 435
                                              Chapel Hill, NC  27517
                                              Telephone No. (919) 968-4441
                                              *Counsel for Trustee*

# **EXHIBIT A**
**Settlement Agreement**

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement"), dated as of March _____, 2019, is made by and between John Paul H. Cournoyer, Chapter 7 Trustee for RFI Management, Inc. (the "Trustee"), and Swift Financial, LLC f/k/a Swift Financial Corporation (the "Creditor").

WHEREAS, on March 29, 2017 (the "Petition Date"), RFI Management, Inc. (the "Debtor") filed a voluntary petition in the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court"), seeking relief under Chapter 11 of the Bankruptcy Code. On March 3, 2018, this Court entered an order converting the case to Chapter 7 and appointing John Paul H. Cournoyer as Chapter 7 Trustee for the Debtor.

WHEREAS, the Creditor filed a secured claim in the Debtor's bankruptcy case (Claim No. 4) for $149,848.02 secured by receivables and all other assets under a UCC Financing Statement filed with the North Carolina Secretary of State.

WHEREAS, the primary asset of the bankruptcy estate is an account receivable owed by Centerpointe Construction. Given the secured claim asserted by the Creditor, and the anticipated litigation costs associated with recovering the account receivable, the Trustee and the Creditor negotiated an agreement to enable the collection of the account receivable for the mutual benefit of the Debtor's bankruptcy estate and the Creditor.

WHEREAS, after discussion and negotiation, the Trustee and the Creditor have agreed to resolve certain outstanding matters pursuant to this Agreement.

NOW, THEREFORE, the Trustee and the Secured Creditor hereby agree as follows:

1. The Trustee shall seek an order from the Bankruptcy Court authorizing the Trustee to hire James C. White as special counsel on a one-third (1/3) contingent fee basis plus reimbursement of expenses to pursue claims against Centerpointe Construction Corp. (the "Centerpointe Litigation").

2. Any net proceeds realized from the Centerpointe Litigation (the "Net Proceeds") shall be divided between the Creditor and the bankruptcy estate, with 60% of the Net Proceeds paid towards the Creditor's secured claim and 40% of the Net Proceeds paid to the bankruptcy estate free and clear of any lien by the Creditor.

3. The Trustee waives any challenge to the Creditor's secured claim of $149,848.02 as of the Petition Date.

4. To the extent the Net Proceeds are sufficient enough to pay the principal balance of the Creditor's claim in full, after accounting for any payments received during the pendency of the Chapter 11, the Creditor is entitled to post-petition interest and attorney's fees as set forth in 11 U.S.C. § 506(b); however, the Trustee reserves the right to review those calculations and make any challenges as appropriate.

5. Except for its rights to receive its portion of the Net Proceeds, as well as post-petition interest and attorney's fees, if any, as set forth hereinabove, the Creditor waives and releases any and all claims against the Trustee and the Debtor's bankruptcy estate of any nature, whether known or unknown, as of the date of this Agreement. As used herein, the term "claim" has the meaning ascribed to it in the Bankruptcy Code. Without in any way limiting the breadth of the foregoing, the Creditor specifically acknowledges and agrees that it shall have no lien or interest in any of the remaining funds held by the Trustee after the payment of the Creditor's 60% portion of the Net Proceeds. Notwithstanding the foregoing, if the Trustee or the Debtor's bankruptcy estate abandon the Centerpointe Litigation, the Creditors' security interest in the account receivable shall be preserved and not impaired by this Agreement.

6. The Creditor shall retain its rights to object to and be heard with respect to any proposed settlement of the Centerpointe Litigation.

7. This Agreement is subject to approval by the Bankruptcy Court.

8. To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws.

9. This Agreement may be executed in one or more counterparts (whether manually signed or by facsimile or other electronic means), each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement.

10. This Agreement may not be amended, changed, modified, altered, or terminated unless the parties hereto agree in writing to such amendment, change, modification, alteration, or termination.

11. The parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof. The order approving this Agreement shall provide that the terms of this Agreement are incorporated into the order, and that any breach of this Agreement is enforceable to the same extent as if it were a violation of the Bankruptcy Court's order. The parties consent to the core jurisdiction of the Bankruptcy Court, to the constitutional authority of the Bankruptcy Court to enter a final judgment, and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

**IN WITNESS WHEREOF**, the parties have duly executed this Agreement as of the day and year first above written.

JOHN PAUL H. COURNOYER,
CHAPTER 7 TRUSTEE FOR RFI MANAGEMENT, INC.

_____

SWIFT FINANCIAL, LLC F/K/A SWIFT FINANCIAL CORPORATION


By: _____

10. This Agreement may not be amended, changed, modified, altered, or terminated unless the parties hereto agree in writing to such amendment, change, modification, alteration, or termination.

11. The parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof.  The order approving this Agreement shall provide that the terms of this Agreement are incorporated into the order, and that any breach of this Agreement is enforceable to the same extent as if it were a violation of the Bankruptcy Court's order.  The parties consent to the core jurisdiction of the Bankruptcy Court, to the constitutional authority of the Bankruptcy Court to enter a final judgment, and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

**IN WITNESS WHEREOF**, the parties have duly executed this Agreement as of the day and year first above written.

JOHN PAUL H. COURNOYER,
CHAPTER 7 TRUSTEE FOR RFI MANAGEMENT, INC.

_____

SWIFT FINANCIAL, LLC f/k/a SWIFT FINANCIAL CORPORATION

By: *Al Natali*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| In re: | ) | |
|---|---|---|
| | ) | |
| RFI MANAGEMENT, INC., | ) | Case No. 17-80247 |
| | ) | Chapter 7 |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by automatic ECF notice upon the following on this date:

| William P. Miller<br>US Bankruptcy Administrator | James C. White<br>Counsel for Debtor |
|---|---|
| James A. Beck, II<br>Counsel for Swift Capital | |

This the 1st day of April 2019.

NORTHEN BLUE, LLP

 /s/ John Paul H. Cournoyer
John Paul H. Cournoyer, NCSB #42224
jpc@nbfirm.com
1414 Raleigh Road, Suite 435
Chapel Hill, NC  27517
Telephone No. (919) 968-4441
*Counsel for Trustee*