**SO ORDERED.**

**SIGNED this 25th day of April, 2019.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RFI MANAGEMENT, INC., | ) | Case No. 17-80247 |
| | ) | Chapter 7 |
| Debtor. | ) | |

**ORDER APPROVING SETTLEMENT AND COMPROMISE**

THIS MATTER comes before the Court upon the Motion to Approve Settlement and Compromise (Dkt. No. 249) (the "Motion") filed by John Paul H. Cournoyer, Chapter 7 Trustee in the above-captioned case (the "Trustee") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Notice of the Motion (Dkt. No. 250) was issued on April 2, 2019 with a deadline of April 18, 2019 within which to file objections. No objections having been filed, and after considering the matters set forth in the Motion and the official file, the Court hereby makes the following findings as follows:

1. On March 29, 2017 (the "Petition Date"), RFI Management, Inc. (the "Debtor") filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. On March 3, 2018, this Court entered an order converting the case to Chapter 7

and appointing John Paul H. Cournoyer as Chapter 7 Trustee (the "Trustee") for the Debtor.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Swift Financial Corporation, d/b/a Swift Capital (the "Creditor") filed a secured claim in the Debtor's bankruptcy case (Claim No. 4) for $149,848.02 secured by receivables and all other assets under a UCC Financing Statement filed with the North Carolina Secretary of State.

4. The primary asset of the bankruptcy estate is an account receivable owed by Centerpointe Construction. Given the secured claim asserted by the Creditor and the anticipated litigation costs associated with recovering the account receivable, the Trustee and the Creditor negotiated an agreement to enable the collection of the account receivable for the mutual benefit of the Debtor's bankruptcy estate and the Creditor.

5. After discussion and negotiation, the Trustee and the Creditor have agreed to resolve all outstanding matters pursuant to the Settlement Agreement attached to the Motion and summarized as follows:

    a. On December 10, 2018, the Bankruptcy Court authorized the Trustee to employ James C. White as special counsel (Dkt. No. 247) on a one-third (1/3) contingent fee basis of any recoveries realized plus reimbursement of expenses to pursue claims against Centerpointe Construction Corp. (the

"Centerpointe Litigation").

b. Any net proceeds realized from the Centerpointe Litigation (the "Net Proceeds") shall be divided between the Creditor and the bankruptcy estate, with 60% of the Net Proceeds paid towards the Creditor's secured claim and 40% of the Net Proceeds paid to the bankruptcy estate free and clear of any lien by the Creditor.

c. The Trustee waives any challenge to the Creditor's secured claim of $149,848.02 as of the Petition Date.

d. To the extent the Net Proceeds are sufficient enough to pay the principal balance of the Creditor's claim in full, after accounting for any payments received during the pendency of the Chapter 11, the Creditor is entitled to post-petition interest and attorney's fees as set forth in 11 U.S.C. § 506(b); however, the Trustee reserves the right to review those calculations and make any challenges as appropriate.

e. Except for its rights to receive its portion of the Net Proceeds, as well as post-petition interest and attorney's fees, if any, as set forth hereinabove, the Creditor waives and releases any and all claims against the Trustee and the Debtor's bankruptcy estate of any nature, whether known or unknown, as of the date of the Agreement attached hereto. Without in any way limiting the breadth of the foregoing, the Creditor specifically acknowledges and agrees that it shall have no lien or interest in any of the remaining funds held by the Trustee after the payment of the Creditor's 60%

portion of the Net Proceeds. Notwithstanding the foregoing, if the Trustee or the Debtor's bankruptcy estate abandon the Centerpointe Litigation, the Creditor's security interest in the account receivables shall be preserved and not impaired by this settlement.

    f.    The Creditor shall retain its right to object to and be heard with respect to any proposed settlement of the Centerpointe Litigation.

6.    The Trustee believes the proposed settlement is reasonable and in the best interest of the bankruptcy estate.

Based upon the foregoing findings, the Court concludes that the Motion should be granted and for good and sufficient reasons appearing, it is hereby ORDERED as follows:

1.    The Motion is granted.

2.    The Settlement Agreement attached to the Motion is approved.

[END OF DOCUMENT]

**SERVICE LIST**

By automatic CM/ECF notice:

| William P. Miller | James C. White |
|---|---|
| US Bankruptcy Administrator | Counsel for Debtor |
| James A. Beck, II | John Paul H. Cournoyer |
| Counsel for Swift Capital | Chapter 7 Trustee |